

**ORDERED in the Southern District of Florida on October 7, 2019.**

Scott M. Grossman, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

COSTA HOLLYWOOD PROPERTY OWNER, LLC,[1]   Case No. 19-22483-SMG
                                            Chapter 11
    Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S AMENDED EXPEDITED MOTION FOR INTERIM (1 MONTH) USE OF CASH COLLATERAL
_NUNC PRO TUNC_ TO SEPTEMBER 19, 2019**

**THIS MATTER** came before the Court on October 2, 2019 at 10:00 a.m. for hearing upon the *Debtor's Amended Expedited Motion of the Debtor for Interim (1 month) Use Cash Collateral Nunc Pro Tunc to September 19, 2019* (the "***Motion***") [ECF Nos. 17 and 23]. The Court having reviewed the Motion, having heard statements for counsel for Beauchamp Construction Co., Inc. ("***Beauchamp***") that Beauchamp's rights should be preserved, having heard the statements of

---

[1] The Debtor's current mailing address is 777 North Ocean Drive, Hollywood, FL 33019. The Debtor's EIN is 47-4883778.

counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined, therefore, that just cause exits to grant the relief requested in the Motion on an interim basis as set forth herein.  It is accordingly:

**ORDERED AND ADJUDGED** as follows**:**

1. The Motion is **GRANTED** as set forth herein.

2. Use of Cash Collateral:  The Debtor is authorized, from the Petition Date through and including October 18, 2019 (the "**Interim Period**"), to use cash collateral as defined in Section 363(a) of the Bankruptcy Code to pay for the expenses and costs of administration incurred by the Debtor in accordance with the budget attached hereto as Exhibit A (the "**Preliminary Budget**"). The Debtor shall not exceed any line item on the Preliminary Budget by an amount exceeding ten percent (10%) of each such line item; *provided*, *however*, that the Debtor may make payments up to ten percent (10%) in excess of the total budgeted expenses for that month in the Preliminary Budget so long as actual disbursements do not exceed one hundred and ten percent (110%) of the budgeted total expenses for the month (collectively, the "**Allowed Variance**"). In the event that an expense arises which is not within any of the approved line items in the Preliminary Budget, or the Debtor anticipates that any line item will need to be exceeded by more than the Allowed Variance, the Debtor shall request approval from 777 N. Ocean Drive LLC (the "*Secured Lender*"), and the Secured Lender shall have three (3) business days from the date of Debtor's request within which to provide consent or object. In the event that the Secured Lender does not consent, the Debtor

shall file a motion with the Court seeking amendment of the Preliminary Budget and approval of the additional expense, which relief may be sought on an emergency basis.

3. <u>Prohibited uses of cash collateral:</u> Except as expressly permitted by this Order, consented to by the Secured Lender, or approved by this Court, the Debtor is prohibited from use of any of the Cash Collateral for any other purpose whatsoever including but not limited to:

a) prepare, prosecute or seek approval of any motion, application or plan of reorganization or liquidation that would, if so approved, investigate, assert, commence, prosecute or otherwise take any action with respect to any lien, claim or alleged lien or claim against the Secured Lender, including but not limited to, claims arising under §§ 542 through and including 553 of the Bankruptcy Code.

b) challenge the amount, validity, priority or enforceability of the Secured Lender's Loan with the Debtor (the "***Loan***") or the security interests and liens of the Secured Lender or assert any defense, claim, counterclaim or offset with respect to the Loan or the security interests and liens of the Secured Lender;

c) challenge in any manner whatsoever the Loan and any other rights, claims and entitlements of the Secured Lender under any of the documents executed by the Debtor and given to the Secured Lender (or its predecessors) in connection with the origination the Loan or documents relating to the Loan (the "***Loan Documents***"); or

d) change, amend or modify in any manner whatsoever any of the documents executed in connection with the Loan.

4. <u>Adequate Protection to Secured Lender:</u>  The Secured Lender is hereby granted valid, binding, continuing, enforceable, fully-perfected, non-avoidable first priority liens and/or replacement liens on, and security interest in, all of the Debtor's Property (commonly known as

327 & 319 Pierce Street and 330 & 348 Indiana Street, Hollywood, FL 33019 (the "**Property**")), to the same extent that such liens and security interests existed pre-petition and subject to any valid, perfected, non-avoidable senior liens existing as of the Petition Date, and all post-petition assets of the Debtor of the same type and nature as the Debtor's Property, and the proceeds thereof. The stay imposed by section 362(a) of the Bankruptcy Code is hereby modified, to the extent applicable, to allow for the filing and recording of a certified copy of this Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of the Petition Date.

5. <u>Prepetition Indebtedness</u>: The Debtor admits, stipulates, and agrees that (i) the principal amount owed to the Secured Lender is not less than $47,098,757.81 plus interest, costs and attorneys' fees, (ii) the lien and security interest the Debtor granted to the Secured Lender is a valid, binding, perfected and enforceable first-priority lien on and security interest on the Debtor's Property, and (iii) no portion of the indebtedness due to the Secured Lender or the liens and security interests granted to the Secured Lender is subject to avoidance, subordination (whether equitable, contractual or otherwise), recharacterization, recovery, attack, offset, counterclaim, cross-claims, disallowance, impairment, recoupment, defense, challenge, objection, reduction, disgorgement, or claim (as defined in section 101(5) of the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

6. <u>No Novation</u>: This Order shall not cause a novation of the Secured Lender's documentation.

7. <u>Non-Waiver of Rights and Remedies</u>: Other than as set forth in paragraph 5 above, this Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of the Debtor or the Secured Lender (with respect to liens, claims, value determinations, and all other matters) under the Bankruptcy Code or applicable non-bankruptcy law (including,

4

but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee. In addition, nothing in this Order including any of the provisions herein with respect to adequate protection, shall constitute, or be deemed to constitute, a finding that the interests of the Secured Lender is or will be adequately protected except as otherwise set forth herein. Further, nothing in this Order shall prejudice the Secured Lender's rights to:

      a)      Seek further adequate protection;

      b)      request conversion or dismissal of the Case;

      c)      seek relief from the automatic stay under § 362(d) of the Bankruptcy Code;

      d)      request appointment of a trustee or examiner in the Case;

      e)      seek termination of exclusivity;

      f)      object to or otherwise oppose any plan or disclosure statement proposed in this Case;

      g)      object to or otherwise oppose any relief sought by any entity or party in this Case, including without limitation, to object to any application filed by any professional in these cases seeking compensation and reimbursement of expenses under §§ 330 or 331 of the Bankruptcy Code;

      h)      assert that the Debtor is obligated to pay the Secured Lender the default rate of interest and any other charges, penalties, attorneys' fees and expenses and costs required to be paid under the Loan; and

      i)      any and all rights, remedies, claims and causes of action which the Secured Lender has or may have against any party who may be

liable with the Debtor for the Loan and otherwise under the Loan or any part thereof.

Furthermore, this Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies (with respect to liens, claims, value determinations and all other matters) under the Bankruptcy Code or applicable non-bankruptcy law, of any creditor or other party-in-interest, including Beauchamp.

8. <u>Further Hearing</u>: This Court shall hold a further hearing on the Debtor's use of cash collateral on **October 16, 2019 at 10:30 a.m.** at the United States Bankruptcy Courthouse, 299 E. Broward Blvd, Courtroom 308, Fort Lauderdale, FL 33301.

9. <u>Retention of Jurisdiction:</u> The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

###

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 9382111
jmoon@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for the Debtor*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:    (305) 358-1221

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

6

|  | 09/19/19 - 10/18/19 |
|---|---:|
| **UNRESTRICTED CASH** | |
| **Total Unrestricted Cash** | **140,363** |
| | |
| **REVENUES** | |
| **Hotel Revenues** | |
| Rooms Revenue | 129,853 |
| Miscellaneous Income | 19,625 |
| Other Operated Departments Revenues | 104 |
| **Total Hotel Operating Revenue** | **149,582** |
| | |
| **Shared Facilities Revenues** | |
| Assessments - Homeowners | 150,000 |
| **Total Shared Facilities Revenues** | **150,000** |
| | |
| **TOTAL REVENUES** | **439,945** |
| | |
| **EXPENSES** | |
| **Hotel Departmental Expenses** | |
| Rooms Expense (Including Payroll) | 76,294 |
| Other Operated Departments Expenses | 83 |
| **Total Departmental Expense** | **76,378** |
| | |
| **Hotel Operating Expenses** | |
| Administration And General (Including Payroll) | 57,678 |
| IT Systems | 13,311 |
| Sales And Marketing (Including Payroll) | 42,642 |
| Repairs And Maintenance | 2,223 |
| **Total Hotel Undistributed Expenses** | **115,855** |
| | |
| **Other Hotel Expenses** | |
| Base Management Fee | 35,000 |
| Property & Liability Insurance | 304 |
| Condo Owners Payments Due | 58,434 |
| **Total Other Expenses** | **93,738** |
| | |
| **Shared Facilities Administrative Expenses** | |
| Office Supplies | 300 |
| Printing and Copying | 400 |
| Postage | 800 |
| Bank Fees | 100 |
| Cell Phone Allowance | 320 |
| Management Fee | 3,500 |
| **Total Shared Facilities Administrative Expenses** | **5,420** |
| | |
| **Shared Facilities Utilities** | |
| Gas & Diesel | 1,479 |

EXHIBIT A

| | |
|---|---:|
| Water/Sewer | 14,338 |
| Telephone / Internet / Cable | 13,762 |
| **Total Shared Facilities Utilities** | **29,579** |
| | |
| **Shared Facilities Contracts** | |
| Beach Services | 9,500 |
| Copier | 850 |
| Equipment Contract - Health Club | 2,173 |
| Equipment Contract - Fire Saftey | 10,668 |
| HVAC System | 1,950 |
| Lawn Maintenance | 1,500 |
| Pool/Spa Contract | 1,745 |
| Trash Removal | 1,430 |
| **Total Shared Facilities Contracts** | **29,817** |
| | |
| **Shared Facilities Repairs & Maintenance** | |
| Supplies Maintenance | 1,200 |
| Pool- Supplies Equipment & Repairs | 1,000 |
| Communications Equipment (Radios) | 458 |
| **Total Shared Facilities Repairs & Maintenance** | **2,658** |
| | |
| **Shared Facilities Salaries** | |
| Engineering Staff | 27,000 |
| Owner Relations Staff | 8,500 |
| Housekeeping Staff | 4,500 |
| **Total Shared Facilities Salaries** | **40,000** |
| | |
| **Other Expenses** | |
| Administrative Fees | 13,500 |
| Maintenance Staff | 8,000 |
| **Total Other Expenses** | **21,500** |
| | |
| **TOTAL EXPENSES** | **414,944** |
| | |
| **NET INCOME** | **25,001** |