UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                          Chapter 11

COSTA HOLLYWOOD PROPERTY OWNER, LLC[1]                      Case No. 19-22483-AJC

    Debtor.
_____/

**DEBTOR'S MOTION FOR PROTECTIVE ORDER AND
MOTION TO QUASH CREDITOR COSTA 402, INC'S NOTICE OF FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION DUCES TECUM**

Costa Hollywood Property Owner, LLC ("*Costa*" or "*Debtor*"), by and through undersigned counsel, respectfully requests the entry of a Protective Order from the Court, pursuant to Local Rule 2004-1(c) of the United States Bankruptcy Court for the Southern District of Florida, quashing Creditor Costa 402, Inc.'s ("*Creditor*") *Notice of Federal Rule of Bankruptcy Procedure 2004 Examination Duces Tecum of Debtor* ("*2004 Notice Duces Tecum*"). The Creditor is improperly attempting to seek discovery in violation of the pending proceeding rule.

Moreover, the Creditor's basis for examination and discovery is also improper, given that the Creditor's self-proclaimed basis for such requests is to determine whether the Creditor should accept or reject the First Amended Plan of Reorganization notwithstanding this Court's prior order that determined the Debtor's First Amended Disclosure Statement contained adequate information. The Creditor's 2004 Notice *Duces Tecum* has no basis in law or equity, is made in bad faith and is only intended to harass the Debtor and its corporate representatives while circumventing the state court discovery process. In support thereof, the Debtor states as follows:

---

[1] The Debtor's current mailing address is 777 North Ocean Drive, Hollywood, FL 33019. The Debtor's EIN is 47-4883778.

## Background

### The Chapter 11 Reorganization

1.   On June 6, 2019, the Creditor filed a Complaint for Injunctive Relief and Damages in Broward County Circuit Court, Case No. 19012062 ("**State Court Litigation**").

2.   On September 19, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code [ECF No. 1], which stayed the State Court Case pursuant § 362 of the Bankruptcy Code.

3.   On October 2, 2019, the Creditor filed a Motion for Relief from Stay [ECF No. 37].

4.   On October 15, 2019, the Debtor filed a Response to the Motion for Relief from Stay [ECF No. 92].

5.   On December 12, 2019, the Court entered an Order Granting the Creditor's Motion for Relief from Stay [ECF No. 176] ("**Stay Relief Order**"), which permitted the Creditor to pursue the State Court Litigation for injunctive relief only.

6.   On December 15, 2019, the Debtor filed an Expedited Application to Employ Michael R. Kassower, Esq. and Frank, Weinberg & Black, P.L. as Special Counsel Nunc Pro Tunc to December 9, 2019 [ECF No. 191] ("**Application to Employ Special Counsel**"), to employ the law firm of Frank, Weinberg & Black, P.L. to represent the Debtor in the State Court Litigation.

7.   On January 3, 2020, the Court entered an Order Granting the Application to Employ Special Counsel [ECF No. 207].

8.   On March 11, 2020, the Debtor filed its Chapter 11 Plan of Reorganization, and its Disclosure Statement [ECF Nos. 248 and 249].

9.   On April 24, 2020, the Debtor filed its First Amended Chapter 11 Plan of Reorganization, and its First Amended Disclosure Statement [ECF Nos. 287 and 288].

10. On May 8, 2020, the Court entered an Order setting a hearing for approval of the First Amended Disclosure Statement on June 24, 2020 [ECF No. 305] ("*Disclosure Statement Hearing Order*").

11. The Disclosure Statement Hearing Order further established a deadline to object to the First Amended Disclosure Statement on or before June 17, 2020. Creditor failed to object to the adequacy of the Disclosure Statement and counsel for the Creditor did not attend the Disclosure Statement Hearing.

12. On June 30, 2020, the Court entered an Order approving the First Amended Disclosure Statement, setting a confirmation hearing on the First Amended Chapter 11 Plan of Reorganization on August 11, 2020, and setting related deadlines for confirmation [ECF No. 356] ("*Confirmation Hearing Order*").

### The State Court Litigation Discovery Disputes

13. On January 14, 2020, the Creditor served discovery requests upon the Debtor, attached as **Exhibit A**.

14. On February 12, 2020, the Debtor filed Responses and Objections to the Creditor's discovery requests, attached as **Exhibit B**.

15. On March 4, 2020, the Debtor filed Amended Responses and Objections to Plaintiff's discovery requests, attached as **Exhibit C**.

16. On March 5, 2020, the Creditor filed a Motion to Compel regarding its discovery requests, attached as **Exhibit D**.

17. On March 5, 2020, the Debtor served discovery requests upon the plaintiffs.

18. On April 29, 2002, the Debtor filed a Motion to Compel Plaintiff's Discovery Responses and Deposition Dates, attached as **Exhibit E**.

19. On June 11, 2020, after a noticed hearing held in the State Court Litigation, the Circuit Court entered an Order on Plaintiff's Motion to Compel and Defendant's Motion to Compel Plaintiff's Discovery Responses and Deposition Dates ("**Discovery Order**"), which specifically provided that "[n]o depositions shall be taken at this time". A copy of the Discovery Order is attached as **Exhibit F**.

20. On July 2, 2020, the Debtor filed a Motion for Reconsideration of the Discovery Order, attached as **Exhibit G**. The Motion for Reconsideration details: (a) the mootness of the Creditor's State Court Litigation given that the rental rules which are the subject-matter of that State Court Litigation were modified on June 17, 2020 (i.e. after the Discovery Order) in a manner that is consistent with Creditor's requested relief in the State Court Litigation; or in the alternative (b) if documents are required to be produced by Debtor pursuant to the Discovery Order, then extensive redaction to the document production must be required to protect privacy rights of hundreds of units owners at Costa Hollywood who are not party to the State Court Litigation.[2]

21. On July 2, 2020, the Creditor filed a Motion for Contempt, attached as **Exhibit H**, despite that fact that the Creditor did not comply with the Discovery Order's requirements.

22. On July 3, 2020, the Debtor filed a Response to the Motion for Contempt, attached as **Exhibit I**.

23. A hearing is currently scheduled in the State Court Litigation on the Motion for

---

[2] In the event this Court denies the primary relief requested in this Motion, the Debtor, in the alternative, requests that all document production associated with the *duces tecum* portion of the 2004 Notice *Duces Tecum* be subject to redaction to protect privacy rights (e.g. names, addresses, contact information, etc.) of unit owners who are not party to the State Court Litigation. *See Josifov v. Kamal-Hasmat*, 217 So.3d 1085 (Fla. 3d DCA 2017); *see also Berkley v. Eisen*, 699 So.2d 789, 792 (Fla. 4th DCA 1997); *Rosen v. McCobb*, 192 So.3d 576, 578 (Fla. 4th DCA 2016); *Rasmussen v. South Florida Blood Serv., Inc.*, 500 So.2d 533 (Fla. 1987).

Reconsideration of the Discovery Order and the Motion for Contempt on Tuesday, July 27, 2020 at 8:45 A.M.

### The Creditor's 2004 Notice *Duces Tecum*

24. Notwithstanding the hearing scheduled above on the pending discovery disputes in the State Court Litigation, the Creditor filed its Rule 2004 Notice *Duces Tecum* on July 7, 2020 [ECF No. 362] seeking an examination of the corporate representative of the Debtor on July 24, 2020 at 10:00 A.M., a mere 3 days before the hearing in the State Court Litigation.

25. Schedule B of the Creditor's 2004 Notice *Duces Tecum* includes a list of documents to be produced by the Debtor.

26. **Every single requested document requested by the Creditor is the exact same as the discovery requests made by the Creditor in the State Court Litigation**.

27. Specifically, the paralleled discovery requests in the Creditor's 2004 Notice *Duces Tecum* are as follows:

    a) Rental Program agreements for each unit in the Rental Program (**Request No. 1 in the State Court Litigation**).

    b) Statement of account for each unit in the Rental Program showing all income, expenses, and occupancy attributable to each unit from the inception of each rental contract to date (**Request No. 2 in the State Court Litigation**).

    c) Statement of account for each unit in the Rental Program showing Gross Room Rental Revenue, Net Rental Revenue, and Service Fee as defined in the rental program agreements, attributable to each unit from the inception of each rental contract to date (**Request No. 3 in the State Court Litigation**).

    d) Itemizations of all cash reserve funds collected pursuant to Rental Program agreements (**Request No. 4 in the State Court Litigation**).

    e) A current bank statement for the reserve funds indicated in the prior request (**Request No. 5 in the State Court Litigation**).

    f) Daily occupancy reports from the inception of the Rental Program to date (**Request No. 6 in the State Court Litigation**).

g)	Escrow agreements Debtor has entered into with any escrow agent to hold security deposits for renting owners (**Request No. 11 in the State Court Litigation**).

h)	An accounting of all security deposits placed with the Debtor by Renting unit Owners (**Request No. 12 in the State Court Litigation**).

i)	Evidence that each housekeeping/engineering vendor and any other vendor operating at Costa Hollywood has current commercial general liability insurance (**Request No. 13 in the State Court Litigation**).

j)	Evidence that each housekeeping/engineering vendor and any other vendor operating at Costa Hollywood has satisfied bonding requirements established by the shared facilities manager (**Request No. 14 in the State Court Litigation**).

k)	Evidence that each housekeeping/engineering vendor and any other vendor operating at Costa Hollywood has all required governmental licenses including occupational licenses (**Request No. 15 in the State Court Litigation**).

l)	Current account statements for shared facility assessments for each residential unit and commercial unit at Costa Hollywood (**Request No. 16 in the State Court Litigation**).

m)	Leases entered into where the Costa Hollywood Property Owner, LLC is the lessor (**Request No. 17 in the State Court Litigation**).

n)	Leases entered into where the Costa Hollywood Property Owner, LLC is the lessee (**Request No. 18 in the State Court Litigation**).

o)	Management Services Contract between Costa Hollywood Property Owner, LLC and any management company (**Request No. 19 in the State Court Litigation**).

p)	Contracts with any booking agencies including but not limited to Hotels.com, and Orbitz.com (**Request No. 20 in the State Court Litigation**).

q)	Contracts with any entity providing marketing services for Costa Hollywood (**Request No. 21 in the State Court Litigation**).

r)	Contracts with any hotel operator or manager operating a Rental Program at Costa Hollywood (**Request No. 22 in the State Court Litigation**).

28.	The Creditor's 2004 Notice *Duces Tecum* is a blatant attempt to acquire discovery of evidence related to the State Court Litigation and to circumvent the State Court's Discovery

Order that expressly provided no depositions to occur pertaining to the State Court Litigation[3].

## Legal Analysis

### The Application of the Pending Proceeding Rule is Proper

29. "Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid." *In re Sanomedics, Inc.*, Case No. 16-21659-RAM, 2018 WL 3816772, at *2 (Bankr. S.D. Fla. July 25, 2018) (Mark, R.) (*citing In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee.") (internal quotations and additional citations omitted).

30. The application of the pending proceeding rule is appropriate in this instance. *In re Washington Mutual, Inc.*, 408 B.R. at 51 ("the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding").

31. "The pending proceeding rule cases direct the party seeking discovery to take discovery in the pending proceeding, not as an alternative to Rule 2004 discovery in the main bankruptcy case." *In re Sanomedics, Inc.*, 2018 WL 3816772, at *3.

32. The Creditor has made no effort to guise its documents requests in the 2004 Notice *Duces Tecum*; the document requests are the same requests that were made and are pending in the State Court litigation, **word for word**.

33. Furthermore, "[t]he pending proceeding rule states that once an adversary

---

[3] The areas of inquiry stated within the 2004 Notice *Duces Tecum* mirror the areas of inquiry in deposition notice within the State Court Litigation.

proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 *et seq.*, rather than by a [Rule] 2004 examination." *In re Camferdam*, 597 B.R. 170, 173-174 (N.D. Fla. 2018) (*citing In re Washington Mutual, Inc.*, 408 B.R. 45, 50) (internal quotations omitted).

34.     The 2004 Notice *Duces Tecum* is a discovery request made pursuant to Rule 2004 despite the pending State Court Litigation, which is a contested matter as shown by the discovery disputes involved therein.

### The 2004 Notice *Duces Tecum* Requests Information Despite the First Amended Disclosure Statement Containing Adequate Information as stated by this Court's Confirmation Hearing Order

35.     In addition, counsel for the Creditor has indicated over e-mail that he requires "the deposition [of the Debtor's corporate representative] before I decide whether to accept or reject the Chapter 11 liquidation plan on behalf of my clients. **I do not believe that your client has made a full disclosure of the financial and operational status of the hotel**." *See* attached **Exhibit J** (emphasis added).

36.     The Creditor did not object to the First Amended Disclosure Statement as containing inadequate information pursuant to § 1125 of the Bankruptcy Code or attend the hearing on the First Amended Disclosure Statement to voice any objection.

37.     The Confirmation Hearing Order entered after the hearing on the First Amended Disclosure Statement provided, in part: "[t]he court finds that the disclosure statement (as amended, if amendments were announced by the plan proponent or required by the court at the hearing) contains 'adequate information' regarding the plan in accordance with 11 U.S.C. §1125(a). Therefore, pursuant to 11 U.S.C. §1125(b) and Bankruptcy Rule 30l7(b), the disclosure statement is approved." (Confirmation Order, pg. 2).

38. "For the purposes of a plan's disclosure statement, adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." *In re New Power Co.*, 438 F. 3d 1113, 1120 (11th Cir. 2006).

39. The Creditor did not dispute the adequacy of the information provided in the approved First Amended Disclosure Statement and did not appeal the Confirmation Hearing Order.

40. The Creditor's 2004 Notice *Duces Tecum* is a clear attempt to circumvent the pending contested proceeding to acquire documents from the Debtor days before the scheduled hearing in the State Court Litigation.

41. The Creditor's purported basis for requesting documents and scheduling a 2004 examination is without merit, and is only intended to harass the Debtor and its corporate representatives.

42. The 2004 Notice *Duces Tecum* should be quashed, and the Debtor respectfully requests the Court to enter a Protective Order that provides for same.

**WHEREFORE**, the Debtor respectfully requests entry of a Protective Order in the form attached hereto as **Exhibit K** (i) quashing the Creditor's 2004 Notice *Duces Tecum*, and (ii) granting such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on July 16, 2020, via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached **Exhibit 1** and via U.S. Mail upon the Manual Notice List and the Master Service List, pursuant to Local Rule 2002-1 (H), Designation of Master Service List in Chapter 11 Cases, attached as **Exhibit 2**.

s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Debtor in Possession*

and

s/ Michael R. Kassower, Esq.
Michael R. Kassower, Esquire
Florida Bar No. 85084
mkassower@fwblaw.net
FRANK WEINBERG BLACK, P.L.
7805 SW 6th Court
Plantation, Florida 33324
Telephone: (954) 474-8000
Telecopy: (954) 474-9850

*Special Counsel for Debtor in Possession*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Alejandro R Alvarez**    service@ara-lawfirm.com
- **Scott Andron**    sandron@broward.org
- **Robert C. Arnold**    bob@thevictorialawgroup.com, bankruptcy@thevictorialawgroup.com
- **Eric N Assouline**    ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Paul J. Battista**    pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com
- **Jeffrey S. Berlowitz**    jberlowitz@siegfriedrivera.com, jortega@siegfriedrivera.com
- **Rodrigo S Da Silva**    rodrigo@rdasilvalaw.com, kimberly@rdasilvalaw.com
- **Yasin Daneshfar**    ydaneshfar@bplegal.com, ecuellar@bplegal.com;kbrown@bplegal.com;FTLefile@bplegal.com;tfritz@beckerlawyers.com
- **Steven M Davis**    sdavis@bplegal.com
- **Darin A DiBello**    dibello@fasidibellolaw.com, perry@fasidibellolaw.com
- **Michael P Dunn**    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;mzucker@dunnlawpa.com
- **Julie Feigeles**    jf@womenatlawfl.com, way@womenatlawfl.com
- **Jerold C Feuerstein**    jfeuerstein@kandfllp.com, litigation@kandfllp.com;CValenzuela@kandfllp.com;skossar@kandfllp.com;skossar@kandfllp.com
- **David L Gay**    dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- **Brandon J Hechtman**    bhechtman@wickersmith.com
- **John B. Hutton III**    huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com;perezan@gtlaw.com
- **Kimberly H Israel**    kisrael@mcglinchey.com, jglus@mcglinchey.com
- **Mark Journey**    mjourney@broward.org, swulfekuhle@broward.org
- **Michael R Kassower**    mkassower@fwblaw.net, mrothman@fwblaw.net
- **Andrew V Layden**    alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **James C. Moon**    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

EXHIBIT 1

- **Meaghan E Murphy**    mmurphy@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@melandrussin.com;mmurphy@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Alberto H Orizondo**    aorizondo@aglawpa.com, stephanie@aglawpa.com
- **Alexander S Orlofsky**    alex@orlofskylawfirm.com
- **Christina V Paradowski**    cvp@trippscott.com, bankruptcy@trippscott.com;hbb@trippscott.com
- **Meghan E Paraschak**    meghan@orlofskylawfirm.com
- **Chad P Pugatch**    cpugatch.ecf@rprslaw.com
- **Alexis S Read**    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- **Humberto E Rivera**    humberto@hriveralaw.com, G61034@notify.cincompass.com;humberto@ecf.courtdrive.com
- **Raymond L Robinson**    teri@rrobinsonlaw.com, ray@rrobinsonlaw.com
- **Victor K Rones**    vrones@victorkronespa.com, jrones@victorkronespa.com
- **Peter D. Russin**    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Zana Michelle Scarlett**    Zana.M.Scarlett@usdoj.gov
- **James Schwitalla**    jwscmecf@bellsouth.net, miamibkcmyecf@gmail.com;schwitallajr74031@notify.bestcase.com
- **Zach B Shelomith**    zbs@lsaslaw.com, fpd@lsaslaw.com;info@lsaslaw.com;zshelomith@ecf.inforuptcy.com
- **Ryan Tables**    tableslawgroup.patty@gmail.com
- **Roy L. Weinfeld**    rlw@weinfeldlaw.com
- **Andrew D. Zaron**    azaron@leoncosgrove.com, jgomez@leoncosgrove.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

    **ADK Holdings LLC**
    18 Serein Ct
    Muttontown, NY 11791-0000

    **Air Esscentials, Inc.**
    7055 SW 47 Street
    Miami, FL 33155

    **Michael R. Kassower**
    FRANK WEINBERG & BLACK, P.L.
    7805 SW 6th Court
    Plantation, FL 33324

    **Jairo Romero**
    16979 NW 19th Street
    Pembroke Pines, FL 33028

    **The Plumbing Experts, Inc.**
    2055 S Congress Ave
    Delray Beach, FL 33445

    **Robb Udell**
    100 SE 2nd ST 29th Flr
    Miami, FL 33131

**U.S. Trustee:** *(Notice provided via NEF)*
Office of The United States Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130

**Debtor-in-Possession:** *(via U.S. Mail)*
Costa Hollywood Property Owner, LLC
777 North Ocean Drive
Hollywood, FL 33019

**Debtor-in-Possession's Attorney:**
*(Notice provided via NEF)*

Peter D. Russin, Esquire
James C. Moon, Esquire
Meland Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

**Secured Creditors:** *(via U.S. Mail)*
777 N. Ocean Drive, LLC
c/o MRFS LLC
825 Third Avenue, 37th Floor
New York, NY 10022

777 N. Ocean Drive, LLC
c/o Jerold C. Feuerstein
Kriss & Feuerstein LLP
360 Lexington Ave #6502
New York, NY 10017

Baker Concrete Construction, Inc.
5555 Anglers Ave, Suite 1A
Fort Lauderdale, FL 33312

Beauchamp Construction Co Inc.
c/o Benjamin K. Artzt
2100 Ponce de Leon Blvd, Ste 825
Coral Gables, FL 33134

Design Engineering Group, LLC
c/o Harvey, F William, Esq.
5402 Red Cypress Lane
Fort Lauderdale, FL 33319

HVAC Associates, Inc.
PO Box 1355
Pompano Beach, FL 33061

Italkraft LLC
2900 NW 77 Ct
Doral, FL 33122

Lenny's Cleaning, Painting
& Waterproofing, Inc.
10040 NW 46 St
Fort Lauderdale, FL 33351

Tropic Fire Protection, Inc.
922 SW 36th Ave
Boynton Beach, FL 33435

United Leasing, Inc.
PO Box 5089
Evansville, IN 47715

**United States and its agencies:**
*(via U.S. Mail)*
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

**Notice of Appearances:**
*(Notice provided via NEF
Upon Registered Users)*

Victor K. Rones, Esq.
*Attorney for Costa Investors LLC, Creditor*
16105 NE 18th Avenue,
North Miami Beach, FL 33162

EXHIBIT 2

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

Andrew V. Layden, Esq.
*Attorneys for New Continent Ventures, Inc.*
Baker & Hostetler LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432

Jerold C. Feuerstein, Esq.
*Attorneys for 777 N. Ocean Drive, LLC*
KRISS & FEUERSTEIN LLP
360 Lexington Avenue, Suite 1200
New York, New York 10017

Michael P. Dunn, Esq.
Alexis S. Read, Esq.
*Attorneys for Evolution Hospitality, LLC*
Dunn Law P.A.
66 W. Flagler Street, Ste. 400
Miami, FL 33130

Humberto Rivera, Esq.
*Attorneys for Professional Blinds Systems, Inc.*
Rivera Law Firm, P.A.
P.O. Box 211746
Royal Palm Beach, FL 33421

Raymond L. Robinson, Esq.
*Attorneys for Pamela Terry*
RobinsonLaw, P.A.
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146

Brandon J. Hechtman, Esq.
*Attorneys for Evolution Hospitality LLC and AMO Hospitality Group LLC*
Wicker Smith O'hara
Mccoy & Ford, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL 33134

Paul J. Battista, Esq.
Mariaelena Gayo-Guitian, Esq.
*Attorneys for 777 N. Ocean Drive, LLC*
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, Suite 4400
Miami, Florida 33131

Mark A. Journey, Esq.
Scott Andron, Esq.
*Attorneys for Broward County, Florida*
Broward County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301

Julie Feigeles, Esq.
*Attorneys for Eduardo Reyes Herrera and Astrid Aurora Arevalo Molina*
Feigeles & Haimo LLP
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324

Kimberly Held Israel, Esq.
*Attorneys for United Leasing, Inc.*
McGlinchey Stafford
10407 Centurion Parkway North, Suite 200
Jacksonville, FL 32256

Alberto H. Orizondo, Esq.
*Attorneys for Italkraft, LLC*
Law Office of Alexis Gonzalez, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133

Darin A. DiBello, Esq.
*Attorneys for Belet Investments, LLC*
Darin A. DiBello, Esq.
FASI & DIBELLO, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami, FL 33131

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

Jeffrey S. Berlowitz, Esq.
*Attorneys for La Cuisine, LLC*
SIEGFRIED RIVERA
201 Alhambra Circle, Eleventh Floor
Coral Gables, FL 33134

Andrew D. Zaron, Esq.
*Attorneys for Beauchamp Construction Co., Inc.*
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134

Max A. Goldfarb, Esq.
*Attorneys for Lenny's Cleaning, Panting & Waterproofing*
Biscayne Building – Suite 802
19 West Flagler Street
Miami, FL 33130-4406

Chad P. Pugatch, Esq.
*Attorneys for Baker Concrete Construction*
Rice Pugatch Robinson, et al.
101 NE 3rd Avenue, Suite 1800
Ft. Lauderdale, FL 33301

Robert C. Arnold, Esq.
*Attorneys for Estate of Pablo Haeffner*
The Victoria Law Group
80 SW 8th St., Suite 2000
Miami, FL 33130

James Schwitalla, Esquire
*Attorneys for Mr. Glass Doors & Windows, Inc.*
The Bankruptcy Law Offices
of James Schwitalla, P.A.
12954 S.W. 133 Court
Miami, Florida 33186

Zach B. Shelomith, Esquire
*Attorneys for Betje Investments LLC*
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312

Christina V. Paradowski, Esq.
*Attorneys per ECF Nos. 178-187*
Tripp Scott, P.A.
110 S.E. Sixth Street, Fifteenth Floor
Fort Lauderdale, Florida 33301

Eric N. Assouline, Esq.
*Attorneys for Monike Troncoso*
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131

Yasin Daneshfar, Esq.
*Attorneys for Hyvac Mechanical Services, Inc.*
Becker & Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301

Rafael Recalde, Esq.
*Attorneys for Gustavo Carlos Lescovich Ramos*
Recalde Law Firm, P.A.
10800 Biscayne Blvd., Suite 440
Miami, FL 33161

Alejandro R. Alvarez, Esquire
*Attorneys for Visualscape, Inc.*
ARA LAW FIRM
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134

Rodrigo S. Da Silva, Esq.
*Attorneys for High Horizons, LLC*
Law Offices of Rodrigo S. Da Silva, P.A.
777 Arthur Godrey Road, Suite 402
Miami Beach, Florida 33140

Roy L. Weinfeld, P.A.
*Attorneys for the Estate of Pablo Haeffner*
2665 S. Douglas Road, Suite 805
Miami, FL 33133

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

**20 Largest Unsecured Creditors:**
*(via U.S. Mail)*

Centrada Solutions, LLC
5010 Riverside Drive, # 300
Irving, TX 75039

Cielo Restaurant LLC
777 N Ocean Dr
# SF
Hollywood, FL 33019

D-Essentials Inc.
218 S Dixie Hwy
Hallandale, FL 33009

FA Development and Real Estate
343 Commercial Street
#212
Boston, MA 02109

General Caulking And Coatings Co., Inc.
101 NW 176 St
Mami, FL 33169

Gustavo Carlos Lescovich Ramos
Parada 6 de la Brava
Edif Icon Bravia Depto #707
Punta del Este
URUGUAY

Hyvac, Inc.
312 S Military Trail
Deerfield Beach, FL 33442

Italkraft LLC
2900 NW 77 Ct
Doral, FL 33122

JM Plastering, Inc.
16333 NW 84 PL
Hialeah, FL 33016

La Cuisine Intl Distributors, Inc.
2005 NW 115 Ave
Miami, FL 33172

Mr. Glass Doors & Windows Inc.
8120 NW 84 St
Miami, FL 33166

National Fire Protection, LLC
3125 W Commercial Blvd, # 200
Ft Lauderdale, FL 33309

Pablo Haeffner & Rita Cassia DaSilva
c/o Alexander M. Turner, Esq.
Law Offices of Alexander M. Turner, P.A.
317 Seventy First St
Miami Beach, FL 33141

Poma Construction Corp.
2049 SW Poma Dr
Bldg#1
Palm City, FL 34990

Renacer LLC
444 Brickell Ave
Suite 828
Miami, FL 33131

Ruben Eduardo Reyes Herrera
c/o Thomas R. Shahady
Shahady & Wurtenberger, P.A.
7900 Peters Rd, Ste B-200
Fort Lauderdale, FL 33324

SOS Security LLC
PO Box 6373
Parsippany, NJ 07054

Stones Unlimited, LLC
By and through, Registered Agent
Kevin D. Mercer, P.A.
10800 Biscayne Blvd
Suite 700
Miami, FL 33161

Unlimited Electrical Contractors
3500 Park Central Blvd N
Pompano Beach, FL 33064