

**ORDERED in the Southern District of Florida on August 24, 2020.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

IN RE:                                                      Case No. 19-22483-AJC

COSTA HOLLYWOOD PROPERTY OWNER, LLC,[1]       Chapter 11

     Debtor.

_____/

### ORDER CONFIRMING FIRST AMENDED
### CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR

**THIS MATTER** came before the Court for evidentiary hearing on August 11, 2020 (the

"**_Confirmation Hearing_**") to consider confirmation of the _Debtor's First Amended Chapter 11_

---

[1] The Debtor's current mailing address is 777 North Ocean Drive, Hollywood, FL 33019.  The Debtor's EIN is 47-4883778.

*Plan of Liquidation*, on April 24, 2020 (the ***"Plan"***), [ECF No. 287][2] filed by Costa Hollywood Property Owner, LLC ("***Debtor***" and "***Plan Proponent***"), which Confirmation Hearing was set pursuant to the Court's *Order (I) Approving Disclosure Statement, (II) Setting Hearing on Confirmation of Plan, (III) Setting Hearing of Fee Applications, (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligations* (the ***"Disclosure Statement Order"***) [ECF No. 356], which Disclosure Statement Order found that, the *First Amended Disclosure Statement Under 11 U.S.C §1125 In Support of the Liquidating Chapter 11 Plan* and related exhibits thereto filed by the Debtor, on April 24, 2020 (the ***"Disclosure Statement"***) [ECF No. 288] contains adequate information regarding the Plan.

The Court, finding that the Debtor distributed the Plan and Disclosure Statement for balloting in accordance with Title 11 of the United States Code (the ***"Bankruptcy Code"***), the Federal Rules of Bankruptcy Procedure (the ***"Bankruptcy Rules"***), and the Disclosure Statement Order; finding that the Debtor timely and properly tabulated the ballots in favor of acceptance or rejection of the Plan and submitted the results of balloting to the Court and all classes having voted in favor of the Plan; having considered the declaration of Jairo Romero [ECF No. 466] (the ***"Confirmation Declaration"***) and his proffered testimony at the Confirmation Hearing; having found the testimony of Mr. Romero to be credible; having taken judicial notice and considered the papers filed in the Chapter 11 case of the Debtor, including the objections to confirmation filed by (1) Evolution Hospitality, LLC ("***Evolution Objection***") [ECF No. 394]; (2) United Leasing, Inc. ("***United Objection***") [ECF No. 443] and (3) Baker Concrete Construction, Inc. ("***Baker Objection***") [ECF No. 397] (collectively, the "***Objections***") and the related joinders thereto filed

---

[2] All capitalized terms used in this Order that are not defined herein shall have the same meaning ascribed to them in the Plan.

by Italkraft, LLC [ECF No. 442] and Hyvac, Inc. and Hyvac Mechanical Services, Inc. [ECF No. 445]; (4) the Debtor's Memorandum of Law in Support of Confirmation and Omnibus Response in Opposition to the Objections ("**Debtor's Memorandum and Response**") [ECF Nos. 468 and 469]; (5) 777 N. Ocean Drive LLC's Omnibus Response in Support of Confirmation and Opposition to the Objections ("**Secured Lender's Response**") [ECF No. 472]; (6) the Debtor's Motion for Court Order Deeming Ballots Timely Filed ("**Ballot Motion**") [ECF No. 475]; and (7) the Amended Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees ("**Amended Ballot Report**") [ECF No. 502], having heard and considered the arguments of counsel; having determined that due and proper notice of the Plan, the Disclosure Statement, and the Confirmation Hearing was given to all creditors and parties-in-interest sufficient to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, all Orders of this Court, applicable non-bankruptcy law, and due process; and notice of the Confirmation Hearing having been deemed good and sufficient notice; after due deliberation and sufficient cause appearing therefore,

**FINDS AND DETERMINES THAT:[3]**

A.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction to enter a final order with respect thereto. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3] The findings of fact and conclusions of law contained herein constitute findings of fact and conclusions of law required to be entered by the Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7052 and 9014 of the Bankruptcy Rules. To the extent necessary, a finding of fact shall be considered a conclusion of law and a conclusion of law shall be considered a finding of fact.

B.    Commencement of the Case.  On September 19, 2019 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as now in effect or as hereafter amended (the **"Bankruptcy Code"**), and an order for relief under section 301 of the Bankruptcy Code was entered.

C.    Judicial Notice.  The Court takes judicial notice of the docket in this Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of this Chapter 11 case.

D.    Oral Findings of Fact Incorporated.  All oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by this reference, in accordance with Bankruptcy Rule 7052(a).

E.    Confirmation Hearing.  On August 11, 2020, the Court conducted the Confirmation Hearing pursuant to Bankruptcy Code § 1128 and Bankruptcy Rule 3020(b)(2).

F.    Disclosure Statement Order.  The Disclosure Statement Order: (i) scheduled August 11, 2020 at 2:00 p.m. as the Confirmation Hearing; (ii) set July 28, 2020 as the deadline for submission of Ballots to accept or reject the Plan (the **"Voting Deadline"**); (iii) established the method and deadline to serve notice of the Confirmation Hearing (the **"Confirmation Hearing Notice"**); (iv) set July 28, 2020 as the deadline for submitting objections to confirmation of the Plan (the **"Confirmation Objection Deadline"**); and (v) established certain procedures for soliciting and tabulating votes with respect to the Plan.

G.    Solicitation of Votes.  The Debtor used the Disclosure Statement to solicit votes to accept or reject the Plan from those creditors who are impaired and entitled to vote under the Plan:

4

Class 3 (Allowed Secured Claim of United Leasing, Inc.), Class 4 (Allowed Secured Claim of 777 N. Ocean Drive, LLC [Secured Lender], Class 5 (Allowed Secured Mechanic's Lien Claims), Class 6 (Allowed Other Secured Claims), and Class 8 (Allowed General Unsecured Claims).

H.    Transmittal of Solicitation Packages.  The Debtor served Solicitation Packages upon holders of Claims and Equity Interests which included: (i) copies of the Disclosure Statement and Plan; (ii) the Disclosure Statement Order; and (iii) and Ballot. The foregoing materials were served in accordance with Bankruptcy Rules 3017(d) and 3017(f), and the Solicitation Court order.

I.    Ballot Report.  The Debtor filed its (i) *Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees* ("**Ballot Report**") on August 6, 2020, which certifies the method and results of the ballot tabulation for each Class entitled to vote to accept or reject the Plan [ECF No. 465] and its Amended Ballot Report on August 12, 2020 [ECF No. 502], and this Court entered an Order granting the Ballot Motion on August 18, 2020 [ECF No. 507].

J.    Transmittal and Mailing of Materials; Notice.  In accordance with Bankruptcy Rule 2002, the Court finds and concludes that the Debtor timely transmitted notice of the date, time and place for the Confirmation Hearing, the Voting Deadline, the Confirmation Objection Deadline, and all bar dates included in the Disclosure Statement Order on holders of Claims and Equity Interests and all other parties-in-interest. Any party in interest required to receive notice of the Confirmation Hearing and associated deadlines has received due, proper and adequate notice thereof and had sufficient opportunity to appear and be heard at the Confirmation Hearing. Further, the Disclosure Statement, Plan, Ballots, and Disclosure Statement Order, were transmitted and served in compliance with the Disclosure Statement Order, the Bankruptcy Rules, the Bankruptcy

Code, the local rules of the Court, and all other applicable laws, rules and regulations. No other or further notice is or shall be required.

K.    <u>Solicitation</u>.  In accordance with Bankruptcy Code § 1126(b), the Court finds and concludes that: (i) the solicitation of votes to accept or reject the Plan complied with all applicable non-bankruptcy law, rules and regulations governing the adequacy of disclosure in connection with the solicitation; and (ii) the solicitation was conducted after disclosure of adequate information, as defined in Bankruptcy Code § 1125(a).

L.    <u>Ballots</u>.  All procedures used to distribute solicitation packages to the holders of Claims and Equity Interests and to tabulate Ballots were fair, properly conducted, in good faith, and in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other applicable laws, rules, and regulations.

M.    <u>Impaired Classes under the Plan</u>.  As set forth more fully in the Plan, Classes 3, 4, 5, 6, and 8 (collectively, the *"Impaired Classes"*) are impaired under the Plan as that term is defined in Bankruptcy Code § 1124. Aside from Class 9 (Equity Interests in the Debtor), Impaired Classes were entitled to submit votes to accept or reject the Plan.

N.    <u>Impaired Classes That Have Voted to Accept the Plan</u>.  The Ballot Report indicates that at least two-thirds in dollar amount and more than half in number of the holders of claims in Classes 4 and 6 who voted on the Plan accepted it and Class 9 was deemed to reject the Plan. Thus, at least one impaired class of claims, determined without including any acceptance by an insider of any of the Debtors, has voted to accept the Plan.

O.    <u>The Plan Complies with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As detailed below, the Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1):

1.      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.   In addition to Administrative Claims and Professional Claims, Article III of the Plan designates eight Classes of Claims and one Class of Interests in the Debtor. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests. Accordingly, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

2.      <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.   As indicated at Section 3.1 of the Plan, Classes 1, 2, and 7 are listed as Unimpaired Classes of Claims and Interests. Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(2).

3.      <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Section 3.1 of the Plan specifies that Classes 3, 4, 5, 6, 8 and 9 are Impaired under the Plan and describes their treatment. Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(3).

4.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.   The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest. Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(4).

5.      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for implementation of the Plan, including, without limitation:  (1) an auction sale of the Properties for the highest or best offer in accordance with the Plan, the Secured Lender's Sale Motion and the Sale Order, (2) the Secured Lender Settlement pursuant to Bankruptcy Rule 9019 whereby the Secured Lender agreed (i) to be the Stalking Horse Purchaser for the Debtor's Properties, subject in all events to the receipt of higher and better bids, (ii) to fund the Protective

Advance Claim pursuant to the Cash Collateral Orders, and (iii) to fund the Secured Lender Contribution, and in exchange for which, the Secured Lender is entitled to the Third Party Release as set forth in the Plan, (3) the creation of a Liquidating Trust and selection of a Liquidating Trustee tasked with holding and monetizing Trust Assets for the benefit of Creditors of the Debtor's Estate, and for payment of allowed Claims in accordance with the provisions of the Plan, and (4) the dissolution of the Debtor following the Effective Date. The Properties, including all real and personal property, are to be sold free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §363 (unless otherwise expressly consented to by the Secured Lender) subject to a separate sale order. Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(5).

6.      <u>Prohibition Against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6))</u>.  Pursuant to Article 5.8 of the Plan, the Debtor will be deemed dissolved, to the extent its operations have continued post-petition such operations will cease, and the Trust Assets assigned and transferred to the Liquidating Trust, which shall be managed by the Liquidating Trustee. As such, there will be no issuance of nonvoting equity securities. Accordingly, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

7.      <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>.  Pursuant to Article 5.8 of the Plan, the Debtor will be deemed dissolved, to the extent its operations have continued post-petition such operations will cease, and the Trust Assets assigned and transferred to the Liquidating Trust, which shall be managed by the Liquidating Trustee. As such, there will be no directors, partners, members or managers of the Debtor, and the Trust Assets will be managed by the Liquidating Trustee. The appointment of such Liquidating Trustee is consistent with the interests of the holders of Claims against and Interests in the Debtor, and with public policy. Accordingly, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

8.      <u>Impairment/Unimpairment of Claims/Equity Interests (11 U.S.C. § 1123(b)(1))</u>. Pursuant to Section 3.1 of the Plan Claims and Equity Interests in Classes 3, 4, 5, 6 and 8 are impaired. Claims in Classes 1, 2 and 7 are unimpaired. Therefore, the Plan complies with section 1123(b)(1).

9.      <u>Assumption/Rejection of Executory Contracts (11 U.S.C. §1123(b)(2))</u>. Pursuant to Article VIII of the Plan, except for those executory contracts and unexpired leases (a) that are subject of prior orders of the Bankruptcy Court approving their assumption and assignment or rejection, or (b) that are subject of a motion pending as of the Confirmation Date, or (c) are assumed and assigned in accordance with the sale of the Properties pursuant to the Secured Lender Sale Motion, the Bidding Procedures Order and the Sale Order, are rejected. Accordingly, the treatment of executory contracts and leases in the Plan is authorized by, and consistent with, section 1123(b)(2) of the Bankruptcy Code. Therefore, the Plan complies with section 1123(b)(2).

10.      <u>Releases by the Debtors; Settlement of Claims and Causes of Action; Retention of Causes of Action (11 U.S.C. § 1123(b)(3))</u>.

a.      <u>Debtor's Releases (11 U.S.C. § 11213(b)(3)(A))</u>. As set forth in Article 4.2 of the Plan, the Debtor, on behalf of itself, the Debtor's bankruptcy estates, any person or entity claiming by or through the Debtor's bankruptcy estate, and each of their officers, directors, shareholders, members, managers, agents, employees, attorneys, partners, associates and insurers, including specifically Moses Bensusan (collectively the "***Debtor Releasors***") agree to and shall be deemed to have fully and generally released and discharged the Secured Lender and each of its officers, directors, shareholders, members, managers, agents, employees, attorneys, partners, associates and insurers (collectively the "***Secured Lender***

***Released Parties***") as set forth in the Plan pursuant to the Secured Lender Settlement. The Debtor's Release is an integral part of the Secured Lender Settlement and is an integral part of the Plan.

      b.      <u>The Plan Incorporates the Settlement with the Secured Lender (11 U.S.C. § 1123(b)(3)(A))</u>. Article 4.2 of the Plan set forth the facts and controlling law in support of the approval of the Secured Lender Settlement. The Court finds the Secured Lender Settlement is in the best interests of the Debtor, Estate and creditors, is fair and equitable, falls well above the lowest point in the range of reasonableness and otherwise satisfies each of the four factors required by the Eleventh Circuit Court of Appeals in *Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990).

      c.      <u>Preservation of Claims (11 U.S.C. § 1123(b)(3)(B))</u>. Article 5.9 of the Plan provides for the preservation of the Debtor's Causes of Action in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Specifically, on the Effective Date, all of the Debtor's rights in respect of all Claims and Causes of Action (including without limitation Avoidance Actions) shall be transferred to the Liquidating Trust, and the Liquidating Trustee shall be designated the representative of the Debtor's estate for all purposes under section 1123 of the Bankruptcy Code and the Liquidating Trustee on behalf of the Liquidating Trust shall be empowered to investigate, prosecute, collect, and/or settle the Claims and Causes of Action as the Liquidating Trustee, in her business judgment, may deem appropriate. The provisions regarding Claims and Causes of Action in the Plan are

appropriate and are in the best interests of the Debtor, Estate, Creditors and other parties in interest.

d.     Modification of Creditor Rights (11 U.S.C. 1123(b)(5)). As permitted by section 1123(b)(5) of the Bankruptcy Code, the Plan modifies the rights of holders of Claims in the Voting Classes and Deemed Rejecting Classes. The Plan leaves unaffected the rights of holders of Claims in the Deemed Accepting Classes. Therefore, the Plan complies with section 1123(b)(5) of the Bankruptcy Code.

e.     Retention of Jurisdiction, Third Party Release, Exculpation (11 U.S.C. § 1123(b)(6)).

i.     Retention of Jurisdiction. Article X of the Plan provides that the Court will retain jurisdiction as to an enumerated list of matters. The matters for which the Court retains jurisdiction are appropriate because the Court would have otherwise had jurisdiction over all of these matters during the pendency of the Debtor's Chapter 11 Case, and a bankruptcy court may retain jurisdiction over the debtor or the property of the estate following confirmation. Therefore, the continuing jurisdiction of the Court for matters described in the Plan is consistent with applicable law and therefore permissible under section 1123(b)(6) of the Bankruptcy Code.

ii.     Releases and exculpation. The Debtor's releases and exculpation under the Plan are authorized under section 1123(b)(3)(A) of the Bankruptcy Code, which states that a plan may provide for "the settlement or adjustment of any claim or interest." Releases granted by

11

chapter 11 debtors are approved upon a showing that the releases are "an appropriate exercise of business judgment, and, possibly, in the best interest of the estate." *In re Motors Liquidation Co.*, 447 B.R. 198, 220 (Bankr. S.D.N.Y. 2011); *see also In re Charter Comms.* 419 B.R. 221, 256 (Bankr. S.D.N.Y. 2009), *aff'd*, 691 F.3d (2d Cir. 2012) ("When reviewing releases in a debtor's plan, courts consider whether such releases are in the best interest of the estate."); *In re Best Prods. Co.*, 177 B.R. 791, 794 n.4 (S.D.N.Y. 1995), *aff'd*, 68 F.3d 26 (2d Cir. 1995) (approval of debtor releases warranted when releases are fair and equitable and in the best interests of the estate). Here, the release and exculpation of the Debtor's owners, managers, officers and directors after a reasonable period of time for parties in interest to bring any claims they allegedly may have against such owners, managers, officers and directors is a reasonable exercise of the Debtor's business judgment based on the contributions made by them towards the proper administration of the estate and preservation of the Debtor's assets.

Pursuant to Article 12.8, <u>On the ninety first (91) day after the Effective Date</u>, any causes of action, claims, liabilities, counterclaims, and damages belonging to the Debtor, the Estate or the holder of any claim (regardless of whether such Claim is ultimately Allowed or Disallowed) relating to participation in the Debtor's bankruptcy case against such officers, directors or employees of the Debtor ("***Non-Debtor Released Parties***"), shall be released, <u>except for any acts of self-dealing, breach of</u>

12

fiduciary duty, fraud, gross negligence, professional negligence, or willful misconduct. The Non-Debtor Releases are narrowly tailored and subject to significant carve-outs. In light of the contributions made by the Non-Debtor Released Parties to administration of the Estate, negotiation of the Stalking Horse Purchase and Sale Agreement and Plan and the limited nature of the release, the release and exculpation provided in Article 12.8 is appropriate.

Reference to "managers" herein and in the Plan specifically includes the following third parties that provided management services to the Debtor: (1) Evolution Hospitality, LLC, (2) Aimbridge Hospitality, LLC and (3) Association Specialty Group LLC.

iii.    Third Party Releases in favor of the Secured Lender.  The releases by each Person or Entity that has held, holds or may hold a Claim or Interest, as applicable, in the Chapter 11 Case in favor of the Secured Lender in Article 4.2 of the Plan: (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan, including the Secured Lender Settlement; (d) confers material benefits on, and is in the best interests of, the Debtor, its Estate and the holders of Claims and Interests; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Case with respect to the Debtor; and (f) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy

Code.  In addition, such Release is: (a) in exchange for good and valuable consideration (including in respect of the Secured Lender Settlement) and represents a good faith settlement and compromise of the Claims and Causes of Action released by the Plan; (b) in the best interests of the Debtor and all holders of Claims and current or former, direct and indirect, holders of Interests; (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action thereby released.

11.    <u>Bankruptcy Rule 3016(a)</u>.    The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

P.    <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtor as Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan.

Q.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 case and the formulation of the Plan. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor and the recovery to Claim holders under the circumstances of this Chapter 11 case.

R.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by Debtor (or by the Liquidating Trustee on behalf of the Liquidating Trust) for services or for costs and expenses in connection with this Chapter 11 case, including all administrative expense claims under Bankruptcy Code § 503, or in connection with the Plan and incident to this Chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

S.    <u>Directors and Officers (11 U.S.C. § 1129(a)(5))</u>.  Pursuant to Article 12.8 of the Plan, as of the Effective Date, the Debtor's officers and directors, including without limitation, the Debtor's President, shall be terminated for all purposes. Thus, the Plan complies with Bankruptcy Code § 1129(a)(5).

T.    <u>No Government Regulation of Rates (11 U.S.C. §1129(a)(6))</u>.  Bankruptcy Code § 1129(a)(6) is satisfied because the business of the Debtor is not subject to governmental regulation of rates.

U.    <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies Bankruptcy Code § 1129(a)(7). The Disclosure Statement, the Confirmation Affidavit and evidence adduced at the Confirmation Hearing:  (i) are persuasive, credible and accurate as of the dates they were prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; and (iv) establish that each holder of a Claim in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that it would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

V.    <u>Acceptance of Plan</u>.  Impaired Classes 4, and 6 voted to accept the Plan.

15

W.    <u>Treatment of Administrative and Priority Tax Claims and Other Priority Claims (11</u>

<u>U.S.C. § 1129(a)(9))</u>.  Except to the extent that the holder of a particular administrative or priority

tax claim has agreed to different treatment of such claim, all allowed administrative claims and

priority Claims under § 507 of the Bankruptcy Code will receive on account of such claim cash

equal to the allowed amount of such claim on the Effective Date.

X.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Classes 4 and 6 are

Impaired Classes. As described with particularity in the Ballot Report and in these Findings of

Fact, Classes 4 and 6 voted to accept the Plan, without including any acceptance of the Plan by

any insider holding a Claim. Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(10).

Y.    <u>Feasibility. (11 U.S.C. § 1129(a)(11))</u>.  The Plan satisfies Bankruptcy Code

§ 1129(a)(11).  The Plan implements a liquidation of the Debtor and a transfer of the Debtor's

assets to a Liquidating Trust for the benefit of holders of Allowed Claims against and Interests in

the Debtor.  Because the Plan expressly contemplates a liquidating plan, Bankruptcy Code §

1129(a)(11) is satisfied.

Z.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  To the extent that all fees payable to

the United States Trustee under 28 U.S.C.§ 1930(a)(6) have not been paid, the Plan provides for

the payment of all such fees on the Effective Date of the Plan and as they come due after the

Effective Date.  Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(12).

AA.    <u>Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  No retiree benefits, as that term is

defined in Bankruptcy Code § 1114, exist in this Chapter 11 case, making Bankruptcy Code §

1129(a)(13) inapplicable.

BB.    <u>Domestic Support Obligation (11 U.S.C. § 1129(a)(14))</u>.  The Debtor is not subject to any judicial or administrative order, or by statute, to pay any domestic support obligation.  The Plan thus satisfies Bankruptcy Code § 1129(a)(14).

CC.    <u>Individual Debtors (11 U.S.C. § 1129(a)(15))</u>.  The Debtor is not an individual, thus making Bankruptcy Code § 1129(a)(15) inapplicable.

DD.    <u>Transfers Under Nonbankruptcy Law (11 U.S.C. § 1129(a)(16)</u>.  There are no provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust that apply to the Debtor since the Debtor was a commercial businesses. The Plan thus satisfies Bankruptcy Code § 1129(a)(16).

EE.    <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, the Plan complies with Bankruptcy Code § 1129(d).

FF.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  The Debtor and its respective attorneys, accountants and advisers have solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and are, therefore, entitled to the protections afforded by Bankruptcy Code § 1125(e) and the release provisions contained in Section 12.8 of the Plan.

GG.    <u>Executory Contracts</u>.  The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts as set forth in the Plan.

HH.    <u>Findings Regarding Third-Party Releases and Related Provisions</u>.  The release, exculpation, injunction and limitation of liability provisions contained in the Plan, including, without limitation, those contained in Articles 4.2 and 12.8 of the Plan: (i) have been negotiated in

good faith and at arms' length; (ii) are consistent with and permitted pursuant to §§ 105, 524, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and applicable case law, (iii) are integral to the structure of the Plan, formed part of the agreement among all parties-in-interest embodied therein, and are each an essential means of implementing the Plan pursuant to § 1123(a)(5) of the Bankruptcy Code; (iv) are fair and equitable; and (v) confer material benefits on the Debtor's estates, and are in the best interests of the Debtor and its estate, its creditors and holders of Equity Interests. Additionally, all interested parties have timely received due, proper and adequate notice of the release, exculpation, injunction and limitation of liability provisions in the Plan.

II.    _Conditions to Confirmation_.  The conditions to confirmation set forth in Article IX of the Plan have been satisfied, waived, or will be satisfied by entry of this Order, provided, however, that the occurrence of the Effective Date is subject to satisfaction or waiver, as applicable, of the conditions to the Effective Date set forth in the Plan.

JJ.    _Conditions to Effectiveness_.  Each of the conditions to the Effective Date, as set forth in Article 9.1 of the Plan, is reasonably likely to be satisfied, and the Debtor shall file a notice when substantial consummation of the Plan (within the meaning of Bankruptcy Code § 1127) has occurred.

KK.    _Retention of Jurisdiction_.  The Court's retention of jurisdiction as set forth in Article X of the Plan comports with the parameters contained in 28 U.S.C. § 157.

LL.    _Agreements and other Documents_.  The Debtor has made adequate and sufficient disclosure of: (i) the Liquidating Trust and (ii) the distributions to be made under the Plan.

MM.    _Preservation of Causes of Action_.  It is in the best interests of Claim holders and Equity Interest holders that causes of action not expressly released under the Plan be retained by

18

the Liquidating Trustee pursuant to Article V of the Plan, in order to maximize the value of the Liquidating Trust.

NN.    <u>Modification of the Plan</u>. Any modification of the Plan pursuant to this Confirmation Order is not material and does not adversely change the treatment of the holder of any Claim or Interest who has not accepted such modification in writing. Therefore, in accordance with § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan, as modified pursuant to this Confirmation Order, is deemed accepted by all holders of Claims and Equity Interests who have previously voted to accept the Plan.

OO.    <u>Objections</u>. The Objections and any related joinders have been withdrawn on the docket [ECF Nos. 485, 487, 492 and 498] and/or on the record at the Confirmation Hearing and any additional objections to confirmation of the Plan that were not withdrawn are overruled for the reasons stated on the record at the Confirmation Hearing.

**NOW THEREFORE, IT IS ORDERED THAT:**

1.    <u>Confirmation of Plan</u>. The Plan complies with the requirements of §§ 1122 and 1123 of the Bankruptcy Code and is **APPROVED** and **CONFIRMED** under § 1129 of the Bankruptcy Code, pursuant to the terms and conditions of this Order. The terms of the Plan and the attached schedules are incorporated herein and are part of the Plan and this Order. In the event of any conflict, discrepancy or inconsistency between the terms and provisions of the Plan on the one hand and the terms and provisions of this Order on the other hand, the terms and provisions of this Order shall control.

2.    <u>Good Faith</u>. The Plan has been proposed in good faith and not by any means forbidden by law.

3.      Defined Terms.  All capitalized terms used in this Order that are not defined shall have the same meaning ascribed them in the Plan (as such terms may be modified by the terms of this Order).

4.      Provisions of Plan and Order Non-Severable and Mutually Dependent.  The provisions of the Plan and this Order are non-severable and mutually dependent and are deemed fully incorporated by reference in each other.

5.      The Liquidating Trust.  On the Effective Date, the Debtor is authorized to execute the Liquidating Trust Agreement and take all steps necessary to establish the Liquidating Trust. Maria Yip is approved and appointed as the Liquidating Trustee.

6.      Vesting of Assets.  On the Effective Date, and except for Claims and Causes of Action released under the Plan, the Debtor shall transfer all of its Trust Assets to the Liquidating Trust.  Except as otherwise set forth in this Order, all Trust Assets shall be transferred and contributed free and clear of all liens, claims, interests and encumbrances. Title to all Trust Assets contributed to the Liquidating Trust shall vest in the Liquidating Trust on the Effective Date following the transfer.

7.      Preserved Litigation Claims.  In accordance with § 1123(b)(3) of the Bankruptcy Code, except as otherwise provided in or released under the Plan, all potential litigation claims, including but not limited to claims against parties identified on Exhibit "B" (the *"Litigation Claims"*) to the Plan, are expressly preserved, reserved and retained by the Liquidating Trust, and after transfer of the Trust Assets to the Liquidating Trust pursuant to Section 5.9 of the Plan, the Liquidating Trustee, or other appropriate party in interest including any designee or successor of the Liquidating Trustee, will have the exclusive right to enforce any and all Litigation Claims, and the rights, powers and claims of the Debtor that arose before or after the Petition Date against

potential targets of the Litigation Claims including, but not limited to, those set forth on Exhibit "B" of the Plan. The right to bring all Litigation Claims against any targets, including but not limited to those set forth on Exhibit "B" of the Plan is expressly and entirely preserved and retained by the Liquidating Trust and the Liquidating Trustee or other appropriate party in interest including any designee or successor of the Liquidating Trustee.

8.      Standing.  The Liquidating Trustee shall have standing under state and/or federal bankruptcy law or otherwise, to file, litigate and settle the Litigation Claims on behalf of the Liquidating Trust subject only to any limitations set forth in the Plan or the Liquidating Trust Agreement. To the extent there are any pending litigations, arbitrations, mediations, or the like, filed on behalf of the estate by the Debtor, or any other party that had standing to file such actions, the Liquidating Trustee shall have standing to continue pursuing such claims and shall be automatically substituted in, without further court order, as the plaintiff / claimant / requesting party, as appropriate, in such actions.

9.      Termination of the Debtor.  On the Effective Date, the Debtor shall be deemed dissolved and cease to exist for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection therewith; provided, however, that the Debtor shall be authorized to file its final tax return. From and after the Effective Date, the Debtor (a) for all purposes shall be deemed to have withdrawn its business operations from any state in which it was previously conducting, or are registered or licensed to conduct, its business operations, and shall not be required to file any document, pay any sum or take any other action, in order to effectuate such withdrawal, and (b) shall not be liable in any manner to any taxing authority for franchise, business, license or similar taxes accruing on or after the Effective Date.

10.    <u>Injunction</u>.  As of the Confirmation Date, except as otherwise provided in the Plan or this Order, all Persons that have held, currently hold or may hold a Claim, Equity Interest or other debt or liability that is treated pursuant to the terms of the Plan are enjoined from taking any of the following actions on account of any such Claims, Equity Interests, debts or liabilities, other than actions brought to enforce any rights or obligations under the Plan or against the Debtor, the Liquidating Trustee, the Estate, the Trust Assets or Estate property:  (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff of any kind against any debt, liability or obligation; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

11.    <u>Settlement with Secured Lender Pursuant to Bankruptcy Rule 9019 and related Secured Lender Release Approved</u>.  The Plan constitutes a settlement and compromise of all claims and causes of action by and between the Debtor and the Debtor's bankruptcy estate and the Secured Lender pursuant to and under Bankruptcy Rule 9019 (the "***Secured Lender Settlement***"). The Secured Lender Settlement is approved in all respects, and this Confirmation Order constitutes the approval of the Secured Lender Settlement in all respects under Bankruptcy Rule 9019 and applicable law.

**12.    <u>Debtor's Releases in favor of the Secured Lender</u>. The Debtor, on behalf of itself, the Debtor's bankruptcy estates, any person or entity claiming by or through the Debtor's bankruptcy estate, and each of their officers, directors, shareholders, members, managers, agents, employees, attorneys, partners, associates and insurers, including specifically Moses Bensusan (collectively the "*Debtor Releasors*") agrees to and shall be**

deemed to have fully and generally released and discharged the Secured Lender and each of its officers, directors, shareholders, members, managers, agents, employees, attorneys, partners, associates and insurers (collectively the "*Secured Lender Released Parties*") from and against any and all manner of claims, whether asserted or unasserted, contemplated or raised, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities and demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs that any of the Debtor Releasors now have, have had or in the future may have against any of the Secured Lender Released Parties arising out of, related to or in connection with, directly or indirectly, the Debtor, the Debtor's bankruptcy estate, the Mortgage, the Properties, and/or the facts and circumstances related thereto (the "*Debtor Released Claims*"). Notwithstanding anything in the Plan to the contrary, the release of the Secured Lender Released Parties in the Plan shall not release the Secured Lender from any of its obligations under the Plan or the Secured Lender Sale Motion.

13.    **Third Party Releases in favor of the Secured Lender.**  On the Effective Date, to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, in exchange for the Secured Lender Contribution and the other obligations of the Secured Lender hereunder and in the Secured Lender Sale Motion, in consideration for the obligations under the Plan, the rights as otherwise set forth in the Plan to distributions (if any), and the Cash and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan (if any), each Person or Entity that has held, holds or may hold a Claim or Interest, as applicable, in the Chapter 11 Case will be deemed to forever release, waive, and discharge

**all claims, demands, debts, rights, causes of action or liabilities against the Secured Lender and its present or former officers, directors, shareholders, members, managers, agents, employees, attorneys, partners, associates and insurers advisors, attorneys or brokers, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence arising out of, related to or in connection with, directly or indirectly, the Debtor, the Debtor's bankruptcy estate, the Mortgage, the Properties, and/or the facts and circumstances related thereto.**

14.    <u>Limitation of Liability</u>. Except as expressly set forth in the Plan or this Order, as of the Effective Date, the Debtor's management, officers and directors shall be terminated for all purposes. On the ninety first (91) day after the Effective Date, any causes of action, claims, liabilities, counterclaims, and damages belonging to the Debtor, the Estate or the holder of any claim (regardless of whether such Claim is ultimately Allowed or Disallowed) relating to participation in the Debtor's bankruptcy case against such management officers or directors shall be released, except for any acts of self-dealing, breach of fiduciary duty, fraud, gross negligence, professional negligence, or willful misconduct. Moreover, as of the Effective Date, the Debtor and the Estate shall release each attorney, accountant or other professional employed by the Debtor in the case from any and all causes of action, claims, liabilities, counterclaims and damages relating in any manner to such professional's participation in this Chapter 11 Case, except for any acts of self-dealing, breach of fiduciary duty, fraud, gross negligence, professional negligence, or willful misconduct.

15.     <u>Exemption from Certain Transfer Taxes</u>.  Pursuant to § 1146(c) of Bankruptcy Code, the issuance, transfer or exchange of any Security or the making or delivery of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax. Any sale of a Trust Asset, including without limitation the Properties as defined in the Plan occurring before, after or upon the Effective Date shall be deemed to be in furtherance of the Plan. In addition, if the Secured Lender or its designee sells Debtor's Assets within one (1) year after the Effective Date, such sale and the Secured Lender and/or its designee shall have the full benefit of Section 1146(a) of the Bankruptcy Code.

16.     <u>Approval of Rejection of Executory Contracts and Leases</u>.  This Order constitutes an Order of the Court approving the rejection of executory contracts not previously assumed or rejected under Article VIII of the Plan pursuant to Bankruptcy Code § 365 as of the Confirmation Date. The owner of any property located at the Condo-Hotel and subject to a rejected executory contract shall be provided access to the Condo-Hotel (by either the Debtor or the Secured Lender as the case may be) for a period of thirty (30) days following notice of such rejection to retrieve such property, failing which the property will be deemed abandoned by the owner of the property. **Pursuant to Local Rule 6006-1, ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3002(C); II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT OR LEASE; OR III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT OR LEASE. This paragraph shall not alter any deadlines set with respect to**

**executory contracts previously rejected by court order(s), which deadlines shall be governed by such orders and the Local Rules.**

17.    <u>Rejection Claims.</u> Any Rejection Claim arising from the rejection of an unexpired lease or executory contract not barred by Section 8.2 of the Plan shall be treated as a General Unsecured Claim pursuant to Article III of the Plan. Nothing contained in the Plan shall be deemed an admission by the Debtor that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the Debtor or the Liquidating Trustee of any objections to such Claim if asserted.

18.    <u>Resolution of Claims Other than Administrative Claims</u>.  Subject to applicable law, and except as otherwise set forth in the Plan or this Order, from and after the Effective Date, the Liquidating Trustee and any Creditor shall have the authority to litigate to judgment objections to Claims or Equity Interests pursuant to applicable procedures established by, or grounds set forth in, the Bankruptcy Code, the Bankruptcy Rules, the Liquidating Trust Agreement and the Plan. Any compromise of any Claim objection shall be subject to Court approval. The deadline within which objections to Claims or Equity Interests may be filed shall be six (6) months from the Effective Date (unless such deadline is extended by Court order).

19.    <u>Allowance of Claims and Interests</u>. The allowance or disallowance of Claims and Equity Interests are, and will be, subject to the terms of the Plan.

20.    <u>Payment of Statutory Fees</u>.  The Liquidating Trustee shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the Effective Date for all fees incurred for the period ending on the Effective Date.  The Liquidating Trustee of the Liquidating Trust shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the Liquidating Trust for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the

earlier of the closing of the Bankruptcy Cases by the issuance of a Final Decree by the Court, or upon the entry of an order by the Court dismissing the Bankruptcy Case or converting the Bankruptcy Case to another chapter under the Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall file a quarterly Post-Confirmation Operating Report which shall include, among other things, all payments made under the Plan and payments made in the ordinary course of business.  The Post-Confirmation Operating Report shall be filed quarterly until the Court enters Final Decree, dismisses the case, or converts the case to another chapter in bankruptcy.

21.    Deadline for Filing Final Report and Motion for Entry of Final Decree.  Pursuant to Local Rule 3022-1(A), the Liquidating Trustee shall file the Local Form "Final Report and Motion for Final Decree" at the appropriate time.

22.    Retention of Jurisdiction.  Notwithstanding the entry of this Order, the occurrence of the Effective Date and the transfer of the Trust Assets to the Liquidating Trust, the Court shall retain jurisdiction as provided in Article X of the Plan over this Chapter 11 case after the Effective Date to the fullest extent legally permissible.

23.    Automatic Stay.  In furtherance of the implementation of the Plan, except as otherwise provided in the Plan or in this Order, all injunctions or stays provided for in this Chapter 11 case pursuant to §§ 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all Creditors and Beneficiaries holding Claims against the Debtor, the Estate, the Trust Assets, the Liquidating Trustee, and the Liquidating Trust until the Final Distribution Date.

24.    References to Plan Provisions.  The failure to include or specifically reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such

provision, it being the intent of the Court to confirm the Plan in its entirety. The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to accomplish the purposes of each, provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provision of this Order shall govern and control.

25.     Confirmation Date.  The Confirmation Date referred to in Article 1.2 of the Plan and as used throughout the Plan and this Order is the date the Court enters this Order on its electronic docket.

26.     Correction of Errors and Inconsistencies.  After the Confirmation Date and before substantial consummation of the Plan as defined in § 1101(2) of the Bankruptcy Code, the Debtor may, under § 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan.

27.     Effective Date Occurrence.  If the Effective Date has not occurred on or before the first business day which is thirty (30) calendar days after the date of entry of this Order, the Court shall hold a status hearing on the earliest available court date thereafter regarding the occurrence of the Effective Date and the Court may order appropriate relief pursuant to the Plan, this Order, and/or the applicable provisions of the Bankruptcy Code.

28.     Unclaimed Distributions.  If any distribution remains unclaimed for a period of ninety (90) days after it has been delivered (or attempted to be delivered) in accordance with the Plan to the Holder entitled thereto, such unclaimed property shall be forfeited by such Holder

whereupon all right, title and interest in and to the unclaimed property shall be held in reserve by the Liquidating Trustee to be distributed to other Creditors in accordance with this Plan. The Liquidating Trustee shall not attempt to make further distribution to the Holders of such unclaimed property.  Distributions unclaimed for a period of 90 days after they have been delivered (or attempted to be delivered) in accordance with the Plan to the Holders entitled thereto that (i) are intended to be final distributions; and (ii) do not exceed $10,000 in the aggregate, shall, as soon thereafter as practicable, be donated to an organization selected by the Liquidating Trustee and officially recognized by the Internal Revenue Service as a charitable organization, a contribution to which would be deductible for federal income tax purposes.

29.    <u>Modification to the Plan Concerning Treatment of Class 3</u>.  Treatment of Class 3 under the Plan is hereby amended to provide that on the Effective Date, the Debtor will surrender the collateral securing the Class 3 Claim to such creditor holding the Class 3 Claim and any deficiency owed to such creditor after such surrender of the collateral shall be included for Plan treatment purposes in Class 8 of the Plan.  Accordingly, Class 3 is deemed unimpaired.

30.    <u>Effective Date Administrative Expense Payments from the Secured Lender</u>. On the Effective Date, the Secured Lender shall pay as part of its "cash to close" at the closing of the sale of the Properties the following Allowed Administrative Expense Claims:

- $329,423.07 to Meland Budwick, P.A.;

- $100,686.76 to Frank Weinberg Black, P.L.; and

- Payment of Administrative Expense Claim to Evolution Hospitality, LLC in an amount determined pursuant to the terms of the Court's *Agreed Order on Evolution Hospitality LLC's Motion for Approval and Payment of § 503 Administrative Expenses* [ECF No. 500].

31.     <u>Post-confirmation Debtor Professionals</u>. Meland Budwick, P.A. and Frank Weinberg Black, P.L. shall remain counsel for the Debtor in the post-confirmation period through and including the Effective Date and shall submit any invoices for fees and costs incurred in the post-confirmation period to the Secured Lender for payment on the Effective Date as part of the closing of the Sale of the Debtor's assets, with any dispute regarding such invoices subject to review and adjudication by the Court.

32.     <u>Payment of Professionals Retained by the Liquidating Trustee</u>. Section 5.4 of the Plan is superseded in its entirety by the following:

> Professionals retained by the Liquidating Trustee must be retained by further order of the Court after notice and a hearing. Subsequent to such Court approval, such Professionals shall submit fee applications to the Court pursuant to 11 U.S.C. §330 and 331.

33.     <u>Debtor-In-Possession Financing and Debtor-In-Possession Accounts</u>. As of the date of the entry of this Order, and excluding Secured Lender's obligations under that certain document titled Closing Statement (as part of the closing on the Stalking Horse PSA between the Debtor and Secured Lender) and under the Plan, Secured Lender shall have no further funding obligations including, but not limited to those under the DIP Loan, and the DIP Loan shall be deemed terminated and satisfied in full. In the event that the Debtor receives a refund or reimbursement belonging to Secured Lender on account of overpayments made by the Debtor with DIP Loan proceeds or payments made directly by Secured Lender, to third party providers, from the Petition Date until the date prior to the Effective Date, such payments shall be turned over to Secured Lender. Any funds held by the Debtor as cash collateral and/or in the Debtor-In-Possession Accounts shall be disbursed to the Secured Lender on the Effective Date.

34.     <u>Recording of Documents</u>. Each and every federal, state and local governmental agency or department is hereby ordered and directed to accept and record any and all documents

and instruments necessary, useful or appropriate to effectuate, as executed by the Debtor, the First Mortgagee or their respective agents as necessary to implement and consummate the transactions contemplated by the Plan.

35.    <u>Terms and Provisions of Confirmation Order Govern</u>. To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern.

36.    <u>Post-Confirmation Status Conference</u>. The Court will conduct a post-confirmation status conference on **October 8, 2020 at 2:00 PM which will be conducted by Court Solutions.**

# # #

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtor in Possession
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:       (305) 358-1221

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.