UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                          Case No. 19-22483-AJC

COSTA HOLLYWOOD PROPERTY                                Chapter 11
OWNER, LLC,

          Debtor.
_____/

**OBJECTION TO CLAIMS**
**(CLAIM NO. 47 OF GUSTAVO CARLOS LESCOVICH RAMOS,**
**CLAIM NO. 49 (AS AMENDED) OF RUBEN EDUARDO REYES HERRERA**
**AND ASTRID AURORA AREVALO MOLINA, CLAIM NO. 57 OF RENACER**
**LLC, AND CLAIM NO. 124 OF ESTATE OF PABLO HAEFFNER)**

**IMPORTANT NOTICE TO CREDITOR:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

      This objection seeks either to disallow and/or reduce the amount and/or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

      If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

      The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

      Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1[1], Maria M. Yip, Trustee of the Costa Hollywood Property Owner, LLC Liquidating Trust (the "Liquidating Trustee") objects to the following claims filed in this case:

---

[1] Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading. See Local Rule 3007-1(C).

| Claim No. | Name and Address of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 47 | Gustavo Carlos Lescovich Ramos, c/o The Levey Law Firm, P.A. 1688 Meridian Avenue, Suite 900 Miami Beach, FL 33139 | $260,000.00 | The claim is for a deposit under a purchase and sale agreement. The claimant provided no supporting documentation supporting the amount claimed. The debtor's schedules (ECF No. 235) dispute the debt to the claimant. The debtor's records and information provided by Jairo Romero reflect that the claimant defaulted under its purchase and sale agreement with the debtor by failing to close on Unit S-508 by April 18, 2018, as required by the agreement and the 10-day notice to close dated March 22, 2018. Section 3.10 of the confirmed plan (ECF No. 287) provides that a purchaser shall have no claim against the debtor in the event that the purchaser breached or defaulted under their purchase and sale agreement. The Liquidating Trustee object to this claim and requests that it be disallowed in its entirety and stricken from the record.<br><br>The Liquidating Trustee reserves the right to amend this objection and/or assert further objections to the claim at a later date upon discovery of further information and documentation, and in an abundance of caution moves to extend the deadline to further object to this claim. |
| 49 (as amended) | Ruben Eduardo Reyes Herrera and Astrid Aurora Arevalo Molina c/o Julie Feigeles, Esq. 7900 Peters Rd, Ste B-200 Fort Lauderdale, FL 33324 | $312,000.00 | The claim is for a deposit under a purchase and sale agreement. The claimant provided no supporting documentation pursuant to Bankruptcy Rule 3001 supporting the amount claimed. The debtor's schedules (ECF No. 235) dispute the debt to the claimant. The debtor's records and information provided by Jairo Romero reflect that the claimant defaulted under its purchase and sale agreement with the debtor by failing to close on Unit S-408 by April 13, 2018, as required by the agreement and the 10-day notice to close dated March 22, 2018. Section 3.10 of the confirmed plan (ECF No. 287) provides that a purchaser shall have no claim against the debtor in the event that the purchaser breached or defaulted under their purchase and sale agreement. The Liquidating Trustee objects to this claim and requests that it be disallowed in its entirety and stricken from the record.<br><br>In the event that the court adjudicates that the claimant is entitled to a return of its deposit, Section 3.10 of the confirmed plan provides that the claimant shall receive any portion of its deposit held in escrow and that the balance shall be treated as an allowed general unsecured claim. The |

| Claim No. | Name and Address of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
|  |  |  | Liquidating Trustee is not aware of any deposits currently held in escrow. Accordingly, in the event that the court allows any portion of the claim, the secured portion of the claim should be recharacterized as an unsecured claim.<br><br>The Liquidating Trustee reserves the right to amend this objection and/or assert further objections to the claim at a later date upon discovery of further information and documentation and in an abundance of caution moves to extend the deadline to further object to this claim. |
| 57 | Renacer LLC c/o Zen Automotores S.A. Av. Del Libertador 12909, Martinez (1640) Buenos Aires - Argentina | $401,250.00 | The claim is for a deposit under a purchase and sale agreement. The claimant did not provide supporting documentation pursuant to Bankruptcy Rule 3001. The debtor's schedules (ECF No. 235) dispute the debt to the claimant. The debtor's records and information provided by Jairo Romero reflect that the claimant defaulted under its purchase agreement with the debtor by failing to close on Unit N-531 by December 8, 2017, as required by the agreement and the 10-day notice to close dated November 13, 2017. Section 3.10 of the confirmed plan (ECF No. 287) provides that a purchaser shall have no claim against the debtor in the event that the purchaser breached or defaulted under their purchase and sale agreement. The Liquidating Trustee objects to this claim and requests that it be disallowed in its entirety and stricken from the record.<br><br>In the event that the court adjudicates that the claimant is entitled to a return of its deposit, Section 3.10 of the confirmed plan provides that the claimant shall receive any portion of its deposit held in escrow and that the balance shall be treated as an allowed general unsecured claim. The Liquidating Trustee is not aware of any deposits currently held in escrow. Accordingly, in the event that the court allows any portion of the claim, the secured portion of the claim should be recharacterized as an unsecured claim.<br><br>The Liquidating Trustee reserves the right to amend this objection and/or assert further objections to the claim at a later date upon discovery of further information and documentation, and in an abundance of caution moves to extend the deadline to further object to this claim. |
| 124 | Estate of Pablo | $210,000.00 | The claimant tardily filed the proof of claim after the deadline set for filing claims. The claim is for a deposit |

| Claim No. | Name and Address of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| | Haeffner c/o Robert C. Arnold, Esq. 80 SW 8th Street, #200 Miami, FL 33130 | | under a purchase and sale agreement. The claimant did not provide supporting documentation pursuant to Bankruptcy Rule 3001. The debtor's schedules (ECF No. 235) dispute the debt to the claimant. The debtor's records and information provided by Jairo Romero reflect that the claimant defaulted under its purchase and sale agreement with the debtor by failing to close on Unit S-219 by April 4, 2018, as required by the agreement and the 10-day notice to close dated March 22, 2018. Section 3.10 of the confirmed plan (ECF No. 287) provides that a purchaser shall have no claim against the debtor in the event that the purchaser breached or defaulted under their purchase and sale agreement. This claim should be disallowed and stricken from the record.<br><br>Section 3.10 of the confirmed plan (ECF No. 287) provides that a purchaser shall have no claim against the debtor in the event that the purchaser breached or defaulted under their purchase and sale agreement. In the event, however, that the court adjudicates that the claimant is entitled to a return of its deposit, Section 3.10 of the confirmed plan provides that the claimant shall receive any portion of its deposit held in escrow and that the balance shall be treated as an allowed general unsecured claim. The Liquidating Trustee is not aware of any deposits currently held in escrow. Accordingly, in the event that the court allows any portion of the claim, the secured portion of the claim should be recharacterized as an unsecured claim.<br><br>The Liquidating Trustee reserves the right to amend this objection and/or assert further objections to the claim at a later date upon discovery of further information and documentation, and in an abundance of caution moves to extend the deadline to further object to this claim. |

DATED: April 19, 2022.

**LESSNE LAW**
*Counsel for Liquidating Trustee*
One Financial Plaza
100 SE 3rd Avenue, 10th Floor
Fort Lauderdale, FL 33394
Phone: 954-372-5759

By: /s/ *Michael D. Lessne*
Michael D. Lessne
Florida Bar No.: 73881
michael@lessne.law

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 19th day of April, 2022, by electronic transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the court in this case (including via email to Julie Feigeles at jf@womenatlawft.com and way@womenatlawfl.com and Robert C. Arnold at bob@thevictorialawgroup.com and bankruptcy@thevictorialawgroup.com) and via first class U.S. Mail upon: **Gustavo Carlos Lescovich Ramos, c/o The Levey Law Firm, P.A., 1688 Meridian Avenue, Suite 900, Miami Beach, FL 33139; Gustavo Carlos Lescovich Ramos, Parada 6 de la Brava, Edif Icon Bravia Depto #707, Punta de Este, URUGUAY; Ruben Eduardo Reyes Herrera and Astrid Aurora Arevalo Molina, c/o Julie Feigeles, Esq., 7900 Peters Rd, Ste B-200, Fort Lauderdale, FL 33324; Renacer LLC, c/o Zen Automotores S.A., Av. Del Libertador 12909, Martinez (1640), Buenos Aires – Argentina; Estate of Pablo Haeffner, c/o Robert C. Arnold, Esq., 80 SW 8th Street, #200, Miami, FL 33130**

/s/ *Michael D. Lessne*
Michael D. Lessne